# IN THE COURT OF APPEALS OF IOWA

No. 4-011 / 12-2164
Filed February 19, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JACK RAYMOND CARR,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Gregory D. Brandt, District Associate Judge.

Jack Carr appeals from the judgment and sentence entered following his guilty pleas to two charges of driving while barred.  **AFFIRMED.**

John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, John P. Sarcone, County Attorney, and Anastasia A. Baker, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**DOYLE, J.**

Jack Carr appeals from the judgment and sentence entered following his guilty pleas to two aggravated misdemeanor charges of driving while barred as a habitual offender, raising several claims of ineffective assistance of counsel relating to his guilty plea and sentencing proceedings. Upon our review, we affirm Carr's conviction and preserve for a possible postconviction relief proceeding on his claims of ineffective assistance relating to counsel's failure to raise alleged deficiencies of his written pleas.

**I.     *Prior Proceedings***

Jack Carr was charged with two aggravated misdemeanor offenses of driving while barred as a habitual offender, in violation of Iowa Code section 321.561 (2011). On October 26, 2012, Carr entered written guilty pleas to both offenses. He wrote, "I operated a motor vehicle on 6/6/12 in Polk County, IA while my license was barred," and "I operated a motor vehicle on 6/14/12 in Polk County, IA while my license was barred," respectively. A plea hearing was held, but it was not reported because Carr waived this right in writing. At the hearing, the district court accepted Carr's pleas.

That same day, the district court entered a form "jail order" sentencing Carr to a 120-day term of incarceration in both cases, sentences to run concurrently. The court suspended the $625 fines imposed on each case. The jail order stated, "The Court has determined that this sentence will provide reasonable protection for the public. Probation is denied because it is

unwarranted."[1]  Again, the hearing was not reported because Carr waived this right in writing.

Carr filed a letter seeking the district court's reconsideration of his sentence and requesting he be allowed to have an ankle monitor.  The court treated the letter as a motion to reconsider his sentence, and denied it, stating: "Since this sentence was imposed as a result of plea negotiations the court will not further modify the sentence."

Carr now appeals the judgment and sentence entered upon his two convictions.

## II.      *Ineffective Assistance of Counsel*

Carr raises several claims of ineffective assistance of counsel relating to his guilty plea and sentencing proceedings.[2]  We review claims of ineffective assistance of counsel de novo.  *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).  To prevail, Carr must show (1) counsel breached an essential duty and (2) prejudice resulted.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The claim fails if either element is lacking.  *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008).

---

[1] Carr does not challenge the court's statement of reasons for imposition of his particular sentence.

[2] Carr states the issues raised were preserved "by Carr's notice of appeal."  "While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation."  Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (Fall 2006) (footnote omitted).  Nevertheless, error was properly preserved in this case.  Normally, failure to file a motion in arrest of judgment prevents challenges to a guilty plea on appeal.  Iowa Rs. Crim. P. 2.24(3)(a), 2.8(2)(d); *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011).  However, the failure to file a motion in arrest of judgment will not preclude the claim if the failure was the result of ineffective assistance of counsel.  *Rodriguez*, 804 N.W.2d at 848.

We do not generally resolve claims of ineffective assistance of counsel on direct appeal. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). If we determine the claim cannot be addressed on appeal, we must preserve it for a postconviction relief proceeding. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

A. *Verbatim record.* Carr claims his trial counsel was ineffective "in failing to create a verbatim record of the guilty plea and sentencing proceedings." Iowa Rule of Criminal Procedure 2.8(3) provides: "A verbatim record of the proceedings at which the defendant enters a plea shall be made." Carr has cited no legal authority for the proposition that transcription of the guilty plea and sentencing hearings could not be waived in this case, nor do we find any. A defendant who enters a plea of guilty waives certain constitutional rights. *Kyle v. State*, 364 N.W.2d 558, 561 (Iowa 1985). It would be incongruous for the criminal rules to allow a defendant to waive constitutional rights, as set forth in Iowa Rule of Criminal Procedure 2.8(2)(b),[3] but not allow a defendant to waive the right by rule to a verbatim record. *See State v. Hinners*, 471 N.W.2d 841, 845 (Iowa 1991) ("We too think that if a defendant can waive such important constitutional rights, the defendant ought to be able to waive a lesser statutory right such as the right of appeal."). Furthermore, the fact rule 2.8(3) does not contain an express authorization for waiver is not an impediment to waiver of the provision. *See State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002) ("The absence of [rule 2.8(2)(b)'s requirement that the court must address the

---

[3] "The court may, in its discretion and with the approval of the defendant, waive the above procedures in a plea of guilty to a serious or aggravated misdemeanor." Iowa R. Crim. P. 2.8(2)(b).

defendant personally] in [rule 2.8(2)(d)] convinces us that defendants charged with serious or aggravated misdemeanors may enter into a valid written waiver of the right to file a motion in arrest of judgment and thus trigger the bar that rule 2.24(3)(a) imposes to challenging a guilty plea on appeal.").

Counsel had no duty to object to Carr's waiver of a verbatim record of these proceedings. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit."). Carr's claim of ineffective assistance of counsel as to this issue fails. *See Anfinson*, 758 N.W.2d at 499 (noting a claim of ineffective assistance of counsel fails if either element is lacking).

*B.    Written plea deficiencies.*  Carr also claims his trial counsel was ineffective in failing to challenge the adequacy of his guilty pleas.

> Due process requires the defendant enter his guilty plea voluntarily and intelligently.  If a plea is not intelligently and voluntarily made, the failure by counsel to file a motion in arrest of judgment to challenge the plea constitutes a breach of an essential duty.  In order to ensure a guilty plea is voluntarily and intelligently made, the court must articulate the consequences of the plea to the defendant.

*State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citations and quotation marks omitted).  Specifically, Carr contends his counsel was ineffective "in failing to require disclosure of any plea agreement made by the parties" and in "failing to advise [him] of the mandatory minimum of the sentence."  These claims implicate a failure of the district court to comply with Iowa Rule of Criminal Procedure 2.8(2).  That rule provides, in relevant part:

**2.8(2)** *Pleas to the indictment or information.*

. . . .

b. *Pleas of guilty.* . . . Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

. . . .

(2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.

. . . .

c. *Inquiry regarding plea agreement.* The court shall also inquire as to whether the defendant's willingness to plead guilty results from prior discussions between the attorney for the state and the defendant or the defendant's attorney. The terms of any plea agreement shall be disclosed of record as provided in rule 2.10(2).

Iowa R. Crim. P. 2.8(2). Substantial compliance with this rule is required. *See State v. Myers*, 653 N.W.2d 574, 577-78 (Iowa 2002).

Carr claims this case involves a total lack of compliance. As the State points out, there is no transcript of the guilty plea colloquy because Carr waived the presence of a court reporter. Therefore, we have not a clue whether or not the court made inquiry of plea discussions.[4]

We next turn to the mandatory-minimum-sentence issue. The mandatory minimum punishment for an aggravated misdemeanor is a fine of at least $625. Iowa Code section 903.1(2). Each form guilty plea signed by Carr provides: "□ The minimum sentence for this charge is: _____ OR □ a fine of not less than $625 (Agg)." The box preceding "The minimum sentence for this charge is:" is checked on each form, but nothing appears in the succeeding blank

---

[4] Counsel did not utilize another method to create a record to permit our review. *See* Iowa R. Crim. P. 2.25 (bill of exceptions); Iowa R. App. P. 6.806(1) (supplemental statement of the record); *State v. Mudra*, 532 N.W.2d 765, 767 (Iowa 1995) ("It is a defendant's obligation to provide [the reviewing] court with a record affirmatively disclosing the error relied upon.").

space. The box succeeding the "OR" and preceding "a fine of not less than $625 (Agg)" was left unchecked on each form. We do not find the forms signed by Carr to be models of clarity in regard to informing Carr of the mandatory minimum punishment provided by the statute defining the offense to which his plea was offered.[5] The State argues "a person *could* interpret the guilty plea forms to inform Carr that the minimum punishment is a fine of $625." (emphasis added). While a person *could* interpret Carr's guilty plea forms that way, a reasonable person would not be compelled to do so because the box preceding "a fine of not less than $625 (Agg)" was left unchecked on each form. So, the forms signed by Carr do not conclusively establish he was informed of the mandatory minimum punishment he faced for the offenses to which he pled guilty. The record before us is silent as to whether or not Carr was informed of the applicable minimum sentence by the court or his counsel, or what Carr's understanding was as to the minimum punishment he faced.[6]

Carr's attorney did not bring these matters to the court's attention or file a motion in arrest of judgment on these grounds. In this situation, Carr's attorney held a duty to correct these omissions of the court—if in fact there were ommissions. *See State v. Straw*, 709 N.W.2d 128, 134 (Iowa 2006); *see also*

---

[5] We note a properly filled out "Waiver of Rights and Plea of Guilty" form utilized by the Linn County district court is more lucid. The form provides: "I understand that if I plead guilty to this offense, the Court has the power to impose a maximum sentence of _____ and that in any event the Court is required to impose a minimum sentence of _____."

[6] There is no question Carr was informed of the maximum punishment provided by statute as each form provided: "□ The maximum sentence for this charge is: _____. □ Imprisonment for not more than two years or a fine of not more than $6250, or both," Both boxes were checked on each guilty plea form signed by Carr. Iowa Code § 903.1(2) provides a maximum penalty for aggravated misdemeanors of imprisonment not to exceed two years and fine not to exceed $6250.

*State v. Hallock*, 765 N.W.2d 598, 606 (Iowa Ct. App. 2009) (recognizing counsel's duty to correct any omission by the court during plea proceedings so that the defendant may be fully informed when entering a guilty plea).

Carr can succeed on his ineffective-assistance claim only by establishing both that his counsel failed to perform an essential duty and that prejudice resulted. *See Anfinson*, 758 N.W.2d at 499; *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that to show counsel was ineffective in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). As set forth above, there is nothing in the record before us as to the terms of any plea agreement and the record is clouded, at best, as to whether the court or Carr's trial counsel advised Carr about the mandatory minimum sentence. Such evidence is significant to any prejudice analysis, regardless of our view of the potential viability of the underlying claim. *See Johnson*, 784 N.W.2d at 198; *Straw*, 709 N.W.2d at 138. As in *Straw*, "This case exemplifies why claims of ineffective assistance of counsel should normally be raised through an application for postconviction relief. In only rare cases will the defendant be able to muster enough evidence to prove prejudice without a postconviction relief hearing." 709 N.W.2d at 138.

Accordingly, we affirm Carr's conviction and preserve his claims of ineffective assistance of counsel relating to alleged deficiencies of his written pleas for a possible postconviction relief proceeding.

**AFFIRMED.**